IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| KATHLEEN MOSKALSKI, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:20-CV-05083-DGK |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Kathleen Moskalski's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. 42 U.S.C. § 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of generalized anxiety disorder, panic disorder, moderate major depressive disorder, and mild cervical spondylosis. The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform jobs which exist in significant numbers in the national economy.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for disability and disability insurance benefits on January 5, 2018, alleging a disability-onset date of December 4, 2017. The Commissioner denied the

application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on September 4, 2019, and on October 9, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on June 23, 2020, leaving the ALJ's decision as the Commissioner's final decision. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at step four by crafting an RFC unsupported by substantial evidence.

RFC is defined as the most a claimant can still do despite her physical or mental limitations. *See* 20 C.F.R. § 404.1545(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016); *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

In determining Plaintiff's RFC, the ALJ found that the intensity, persistence, and limiting effects of Plaintiff's symptoms were not consistent with the medical and other evidence in the record. R. at 17.

Plaintiff argues that the ALJ erred in determining her RFC because he wrongly found the opinion of Kayla Angleton, A.P.R.N, unpersuasive. Nurse Angleton opined that Plaintiff had moderate limitations in her ability to carry out detailed instructions, maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, make simple work-related decisions, and get along with coworkers; marked limitations in her ability to respond to changes in the work setting and complete a normal workday without complications

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

arising from her mental symptoms; and that Plaintiff's mental symptoms would cause her to be off task for 25% of the workday. R. at 245–46. Based upon Plaintiff's ability to drive a car; R. at 184; and the fact that providers throughout her medical history have observed Plaintiff present with an unremarkable mental status; R. at 220, 223, 225, 227, 229, 231, 255, 262, 268, 276, 284, 294, 299, 301–02, 321, 323–24, 327, 329, 331, 333, 335, 337, 341; the ALJ found Nurse Angleton's opinion not consistent with the evidence in the record. R. at 20–21. The ALJ did not err in making this finding. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.").

Plaintiff points to abnormalities in her mental status examination and Nurse Angleton's frequent adjustments to Plaintiff's psychiatric medication to argue that the Nurse Angleton's opinion is consistent with the evidence in the record. Pl. Br. at 10–11, ECF No. 11. However, the Court cannot reverse the ALJ's decision merely because some evidence supports a different determination. *Swing v. Saul*, 931 F.3d 765, 770 (8th Cir. 2019). The ALJ's determination that Nurse Angleton's opinion is unpersuasive is supported by substantial evidence on the record as a whole.

Plaintiff next argues that the ALJ erred by concluding she could perform medium work with a few additional limitations despite suffering from mild cervical spondylosis. Pl. Br. at 12, ECF No. 11. Plaintiff argues the record contains no medical evidence which supports a conclusion that Plaintiff can perform a range of medium work. *Id.* at 13–14.

Plaintiff's argument is unavailing. An X-ray taken on December 11, 2018, showed that—while Plaintiff had a straightening of the lordotic curvature, mild to moderate diffuse

4

spondylitic changes with osteophyte formation, degenerative disc disease, and facet arthritis from the C3-C7 vertebra—she had no acute fracture or misalignment.  R. at 258, 305.  On April 16, 2019, Plaintiff presented for a follow up appointment to Dr. Amanda Price, MD, a neurosurgeon.  Dr. Price noted that Plaintiff's extremities were symmetric without gross deformity and that Plaintiff did not appear in distress.  R. at 255.  Further, Dr. Price noted during multiple visits that Plaintiff maintained full motor strength.  R. at 255, 263.  On May 24, 2019, Plaintiff presented to pain specialist Dr. Anthony Casanova, M.D., complaining of neck pain.  R. at 248.  Dr. Casanova noted Plaintiff had normal muscle tone and symmetry, no spasmodic movements, and exhibited normal proprioception and no sympathetic changes in her bilateral upper extremities.  R. at 250.  Dr. Casanova also noted that Plaintiff exhibited no myopathy or radiculopathy.  R. at 251.  The above evidence all supports the ALJ's conclusion.

Finally, Plaintiff argues the ALJ failed to develop the record with regards to Plaintiff's cervical spondylosis.  Because the Court has already determined that the record as a whole includes sufficient medical evidence to support the ALJ's RFC determination, this argument is also unavailing.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   December 29, 2021              /s/ Greg Kays
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT